IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
                               *FILED
                         U.S. DISTRICT COURT
                         DISTRICT OF COLORADO

                         2020 MAR 18 PM 3:37

                         JEFFREY P. COLWELL
                                CLERK

                         BY_____DEP. CLK
```

Civil Action No.  **'20 - CV - 00753**
(To be supplied by the court)

_____Janelle N. Canody_____, Plaintiff

v.

_____U.S Department of Agriculture_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

## COMPLAINT

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

### A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

**Janelle N. Canody P.O. Box 271782 Fort Collins CO 80527**

(Name and complete mailing address)

**719-301-8893         jncanody@yahoo.com**

(Telephone number and e-mail address)

### B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: **U.S. Department of Agriculture Office of General Counsel**
**Room 3311-S**
**1400 Independence Ave., S.W.**
**Washington, DC  20250**

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2: **Please see attached page with list of additional addresses for Service of Process**

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 3: _____

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 4: _____

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Civil-Process Clerk

Office of the United States Attorney for the District of Colorado, Jason Dunn

1801 California Street, Suite 1600

Denver, CO  80202

The Attorney General of the United States

950 Pennsylvania Avenue NW

Washington, DC  20530-0001

U.S. Department of Agriculture

1400 Independence Ave., S.W.

Washington, DC  20250

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__X__ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

__Federal Tort Claims Act Ch. 646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI Chapter__

__171 and 28 U.S.C 1346__

____ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: _____Federal Tort Claim Act_____

    Supporting facts:

I, Janelle Canody, Pro Se counsel, here by respectfully request to seek for damages for personal injury against the United States Department of Agriculture due to actions of negligence that lead to the plaintiff injury of mental health condition of PTSD and Severe Depression.

Plaintiff is filling lawsuit under the Federal Tort Claims Act (August 2, 1946, ch.646, Title IV, 60 Stat. 812, 28 U.S.C. Part VI, Chapter 171 and 28 U.S.C. § 1346) ("FTCA").

FTCA is a 1946 federal statute that permits private parties to sue the United States in a federal court for most torts committed by persons acting on behalf of the United States.

An administrative claim must be filed with the federal agency that is to blame for the negligence or misconduct.

Under the FTCA, "[t]he United States [is] liable ... in the same manner and to the same extent as a private individual under like circumstances, but [is not] liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674.

Regarding the timing of filing, FTCA's § 2401(b) states that the action must be presented in writing to appropriate Federal Agency "within two years after the claim accrues," and file suit "within six months after ... notice of final denial of the claim by the agency".

On September 13th, 2017 plaintiff was diagnosed by a therapist with Anxiety with Panic Disorder and Severe Depression caused by an event that was due to the negligence of the USDA Forest Ranger employees.

Psychological injuries differ from physical injuries because they cannot be seen by the human eye, therefore it takes more time for them to be identified.

Plaintiff was not aware of the extent of her injuries until late September of 2017 when she was diagnosed by a therapist.

**D: Statement of Claims: Continuation of Claim One:**

Therefore, plaintiff was not "put on notice of the wrong" until she was properly diagnosed by a psychotherapist the extent of her psychological injuries.

Supporting law is as follows: "The tort action does not "accrue," for statute of limitations purposes, until the plaintiff is put on notice of the wrong". Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), Waits v. United States, 611 F2d 550 (5th Cir. 1980).

In light of diagnosis plaintiff date of injury is September 13th 2017 which in turn is the beginning of 2 year accrual time frame to file a claim, plaintiff then has two years to contact the USDA and file an administrative claim for her injuries.

Plaintiff began her process of request for administrative claim inquiry on June 10th, 2018, which was a little less than one year after date of injury. This request was sent to the US Department of Agriculture in Albuquerque.

The USDA sent plaintiff a letter dated September 27th, 2018 including Claim form for Damages, Injury, or Death Form (SF-95). This letter also informed plaintiff that claim was to be forwarded to the USDA Office of the General Counsel (OGC). This was in accordance with Title 28, Code of Federal Regulations, Part 14 (28 CFR Part 14).

Form (SF-95) was filled out and returned to USDA by the plaintiff. December 4th, 2018 a letter requesting additional information was sent to plaintiff for the claim and plaintiff was giving a claim number of 2018020027-001. Plaintiff complied with response and provided additional information requested.

March 13, 2019 Plaintiff received letter advising plaintiff that her claim was being forwarded to the USDA Office of General Counsel in WA for Determination.

September 24th 2019 is the date of mailing of letter plaintiff received from U.S Department of Agriculture Office of General Counsel stating that plaintiff claim was being denied and that plaintiff may file suit against the United States in an appropriate U.S. District Court not later than six months from the date of the letter.

Plaintiff is now filing suit against United States in appropriate court within the six-month time frame given.

Plaintiff is filling suit under Federal Tort Claims Act claiming negligence due to breach of duty of USDA Forest Rangers employee's failure to enforce prohibition laws against target shooting with in the Pike National Forest at the Rainbow Falls Campground. This negligence lead to the death of plaintiff's father, which in turn led to plaintiff psychological injury.

USDA employees are duty bound and authorized on lands which are within or part of any unit of the national forest system to enforce the laws or ordinances of a State and Federal or subdivision

**D: Statement of Claims: Continuation of Claim One:**

thereof. Supporting U.S. Code as follows:

16 U.S. Code § 551.Protection of national forests; rules and regulations, 16 U.S. Code § 559c. Powers of officers and employees of Forest Service, and 16 U.S. Code § 551a. Cooperation by Secretary of Agriculture with States and political subdivisions in law enforcement.

It is expressly prohibited that the discharging a firearm or any other implement capable of taking human life, causing injury, or damaging property within 150 yards of a residence, building, campsite, developed recreation site or occupied area is prohibited. Per Title 36. Forest Service Department of Agriculture 36 CFR § 261.10 - Occupancy and use.

Two USDA Forest Ranger employees were notified by Chris Cordova that he could hear active target shooting occurring in close proximity to his camping area.

Less than an hour later Chris Cordova's father in law, plaintiff's father, Glenn Martin was shot by an errant bullet at said camping area and died at the Rainbow Falls campground located in Pike National Forest.

The person responsible for shooting the bullet that struck Glen Martin has still not been found, and the homicide case is still unsolved.

The USDA did not shoot the gun that killed Glenn Martin, but they did allow the circumstances for the bullet that killed him.

These circumstances were permitted by inadequate enforcement and negligence to a danger that was clearly made aware to them.

USDA Forest Ranger employees were notified less than an hour before the death that firearms were being discharged.

The shooting was not stopped, and the gun laws were not enforced with reasonable efforts. The public was not kept safe.

This negligence led the death of Glenn Martin. Which then in turn led to the psychological injury of the plaintiff.

CLAIM TWO: _____Colorado Premises Liability Act CRS 13-21-115_____

Supporting facts:

Plaintiff is filing suit under Colorado Premises Liability Act. Plaintiff is filling suit under Colorado Revised Statutes Title 13. Courts and Court Procedure § 13-21-115. Actions against landowners.

For the purposes of this section, "landowner" includes, without limitation, an authorized agent or a person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property.

"Invitee" means a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

The USDA is the "Landowner" of the Pike Nations Forest where plaintiff's father was killed.

Per CRS 13-21-115 an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known.

USDA Forest Ranger employees were notified by Chris Cordova that there was active target shooting occurring near his camping area.

Less than an hour later Chris Cordova's father in law, plaintiff's father, Glenn Martin was shot by an errant bullet and died at the Rainbow Falls campground located in the Pike National Forest.

Therefore, the landowner, USDA, failed to exercise the reasonable care and authority to protect against the dangers of which he knew of and enforce the shooting regulations within the Pike National Forest.

The shooting was not stopped, and the gun laws were not enforced with reasonable efforts. The "invitee" was not protected against dangers known to landowner.

This failure led the death of GlenMartin. Which then in turn led to the psychological injury of the plaintiff.

**Additional Supporting Facts and Argument:**
Plaintiff's father Glenn Martin was killed at Rainbow Falls Campground located in the Pike National Forest by an errant bullet on July 3rd, 2015.

One hour before this homicide plaintiff's sister Carlie Cordova and brother in law Chris Cordova notified two US Forest Service Ranger employees that they heard gunfire in the area close to their

**D: Statement of Claims: Continuation of Claim Two:**

camp site which was illegal on those grounds.

The Park Rangers failed to stop the gunfire and less than an hour later plaintiffs' father was killed.

This lack of enforcement of gun laws in the Pike National Park in a campground ground in a highly populated area on a busy 4th of July weekend is grossly negligent.

Due to this negligence an entire family full of innocent people have been destroyed by the tragic death of their father.

This death could have been avoided with due diligence of USDA Forest Rangers with adequate monitoring of the campground, stopping the target shooting and enforcing the gun prohibition laws in the Pike National Forest.

Because of the tragic death of her father the plaintiff has succumb to a severe mental health condition of PTSD and Severe Depression.

This diagnosis of PTSD and Severe Depression due to this event is not a commonsense outcome due to the circumstances.

Plaintiff was not personally present at the crime scene and did not personally witness the anguish and tragic death of her father.

The plaintiff **could** easily assume that she would grieve and be depressed over the death of her father for an appropriate amount of time.

However, she **could not** assume that she would generate a crippling psychological problem of PTSD and Severe Depression that would affect her for the rest of her life because of this event.

On September 13th, 2017 after many sessions with a therapist plaintiff was diagnosed with PTSD and Severe Depression resulting from this event.

She was not aware of the extent of her injuries until late September of 2017 when she was diagnosed by a therapist.

The extent of her injuries was not known to her until this time therefore per Urie v. Thompson, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), Waits v. United States, 611 F2d 550 (5th Cir. 1980) "The tort action does not "accrue," for statute of limitations purposes, until the plaintiff is put on notice of the wrong".

Therefore, considering the case above her two-year time limit would not start until she was "put on notice of wrong" which was when she was diagnosed September 13, 2017.

**D: Statement of Claims: Continuation of Claim Two:**

Unfortunately, this loss of life of plaintiff's father has caused personal injury by resulting in PTSD and Severe Depression. Plaintiff is suing for one million dollars.

**Supporting Police Report:**
According to Homicide Case # 2015-00063505 written by Douglas County Sheriff Officer Robert Griggs:
At 1838hrs. on 07/03/2015 while on a meal break at Decker's substation I was dispatched to Rainbow Falls Park.

This was in reference to a call they received with the caller saying he was on the main trail head trying to get to Hwy 67 and his "brother was not breathing". The call had then dropped.

As I started towards Rainbow Falls dispatch advised the caller was now on the phone with Teller County and he was with an adult male that was unconscious and not breathing. CPR was in Progress. The following occurred:

I arrived on scene at 1854hrs. and noticed a White over Tan Chevy Suburban and two ambulances parked just inside the entrance to Rainbow Falls Park off of Hwy 67.

There was an adult female sobbing at the back of the Suburban and an adult male with her. I asked what had happened and the adult male, later identified as Christopher Cordova 01/15/1991 said his he and his father in law were just sitting around the campfire when his father in law suddenly yelled out and grabbed his left shoulder.

Christopher said his father in law, later identified as Glenn Martin 04/10/1955 then collapsed and blood and foam immediately started coming from his mouth. Christopher yelled for his wife Carlie Cordova 08/11/1980 who was inside the camper with their three kids.

When they realized how bad the situation was Christopher pulled their Suburban up and they loaded Glenn in the back and headed towards the parking lot. After talking to Teller County dispatch the started CPR until the ambulance got there. Christopher said they had found a small puncture wound in Glenn's left shoulder.

Glenn was now in the back of a Ute Pass Regional Ambulance being worked on by medical personnel. They showed me the hole in Glenn's left shoulder and told me he had passed and asked for the coroner to respond.

Christopher told me there had been a camp nearby that the occupants had been shooting from and he had asked Forest Service Rangers to make them stop shooting.

Forest Service LEO Thomas Healy had now arrived as well as two deputies from Teller County. After talking to Lt. Barrella I had Tom Healy stay with the victim and family members while me and the Teller County Deputies responded to locate the camp of the possible shooters and the

**D: Statement of Claims: Continuation of Claim Two:**

victims camp to secure the crime scene. End.

Please see attachment Exhibit A included in support to Statement of Claims One and Two.

Exhibit A

SEP 2 4 2019



United States Department of Agriculture

Office of the General Counsel

Washington, D.C. 20250-1400

**CERTIFIED MAIL - RETURN RECEIPT REQUESTED (7015 1520 0000 7979 1301)**

Janelle Canody
204 S 25th Street
Unit 6751
Colorado Springs, CO 80934

Dear Ms. Canody:

Subject: <u>Federal Tort Claim of Janelle Canody</u>

The October 17, 2018, SF-95 that you submitted to the Forest Service, pursuant to the Federal Tort Claims Act (FTCA), has been reviewed carefully by this office.

The FTCA is a limited surrender of the sovereign immunity of the United States. <u>United States v. Orleans</u>, 425 U.S. 807, 813 (1976). The United States, as sovereign, is immune from suit, except to the extent it consents to be sued. The FTCA provides that the United States shall be liable for death, personal injury, or property damage caused by the negligent or wrongful act or omission of any employee of the agency acting within the scope of his or her office or employment, under circumstances where a private person would be liable in accordance with the law of the place where the act or omission occurred. 28 U.S.C. 1346(b), 2674.

We have determined that your claim is barred by 28 U.S.C. 2401(b), which requires a claim against the United States be presented to the appropriate Federal agency within two years of the date on which the claim accrues, which was July 3, 2015. Therefore, your claim is being closed without further action from this office because your claim was not filed within two years of the date of the accrual of the claim.

Assuming, for the sake of argument only, that you had properly submitted a timely filed FTCA claim, this is the final denial of such a claim. If you are dissatisfied with this final action, you may file suit against the United States in an appropriate U.S. District Court not later than six (6) months from the date of mailing this letter, which is the date shown above.

Sincerely,

Brian A. Mizoguchi
Acting Assistant General Counsel
General Law and Research Division

### E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

I request economic and non-economic damages in the amount of One Million. I demand a jury.

### F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

3-18-2020
_____
(Date)

(Form Revised December 2017)

13

JS 44 (Rev. 06/17) District of Colorado

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Janelle N. Canody

**DEFENDANTS**
U.S. Department of Agriculture

(b) County of Residence of First Listed Plaintiff: Larimer County, Colorado
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*: Brian Mizoguchi

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Federal Tort Claims Act, Colorado Premisis Liability

Brief description of cause: Personal injury claim

☐ AP Docket

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 1,000,000 one million
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE ___ DOCKET NUMBER ___

DATE: 3.18.2020
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___